UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY WOHLETZ,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | NO:  CV-11-418-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

   Before the Court is a motion by the United States of America ("United States") for an order dismissing Gregory Wohletz's medical negligence claim. ECF No. 5.  Mr. Wohletz is proceeding *pro se*, and the United States is represented by Assistant United States Attorney Pamela DeRusha.  The Court has reviewed the motion to dismiss by the United States, ECF No. 5, the accompanying memorandum, ECF No. 6, Mr. Wohletz's original notice of small claim, ECF No. 1 at 4-5, the remaining record, and is fully informed.

///

///

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

**FACTS**

On May 1, 2011, Mr. Wohletz sought treatment at the Outpatient Clinic of the Spokane Veterans Affairs Medical Center ("VAMC") in Spokane, Washington. ECF No. 1 at 5. Jere Renner, D.O. was assigned as Mr. Wohletz's primary care provider. ECF No. 1 at 5. According to Mr. Wohletz, Dr. Renner refused to treat Mr. Wohletz and advised Mr. Wohletz to seek treatment at a different facility. ECF No. 1 at 5. Mr. Wohletz alleges that he then experienced "major medical complications," with his life at risk on two separate occasions in the four months following Dr. Renner's refusal to provide treatment to Mr. Wohletz. ECF No. 1 at 5. On October 6, 2011, Mr. Wohletz filed a notice of small claims for medical negligence against Dr. Renner in Spokane County District Court, seeking $5,000 in damages. ECF No. 1 at 5.

On November 1, 2011, the United States, acting for Dr. Renner, removed Mr. Wohletz's claim to this Court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, 2675. ECF No. 1 at 1-2.

Subsequently, upon a motion and notice of substitution by the United States, the Court substituted the United States for Dr. Renner as the sole Defendant in this action. ECF No. 4. In dismissing Dr. Renner as Defendant, the Court found that Dr. Renner, during the time period relevant to this action, was employed as a physician at the VAMC and was acting within the course and scope of his

1  employment during the alleged incident. ECF No. 4; *see* 18 U.S.C. § 2679(d)

2  (provision of the Federal Employees Liability Reform and Tort Compensation Act

3  of 1988, allowing the United States to substitute itself for a federal employee as

4  defendant upon certifying that the employee was acting within the scope of his

5  employment).

6       On January 6, 2012, the United States moved to dismiss Mr. Wohletz's

7  medical negligence claim for lack of subject matter jurisdiction. ECF No. 5.

8  Mr. Wohletz did not respond to the motion to dismiss.

9  **APPLICABLE LAW**

10       Under Rule 12(b)(1), a court may dismiss an action for lack of subject

11  matter jurisdiction. Fed. R. Civ. P 12(b)(1). The plaintiff bears the burden of

12  asserting that dismissal is improper. *Kokkonen v. Guardian Life Ins. Co. of Am.*,

13  511 U.S. 375, 377 (1994). The court will grant a motion to dismiss under Rule

14  12(b)(1) if the complaint fails to allege grounds for federal subject matter

15  jurisdiction, as required by Rule 8(a) of the Federal Rules of Civil Procedure. *See*

16  *Warren v. Fox Family Worldwide*, 328 F.3d 1136, 1139 (9th Cir. 2003).

17       Generally, the federal government cannot be sued "[u]nless Congress enacts

18  legislation that subjects the federal government to tort liability." *Marley v. United*

19  *States*, 567 F.3d 1030, 1034 (9th Cir. 2010) (*citing United States v. Dalm*, 494 U.S.

20  596, 610 (1990); *Minnesota v. United States*, 305 U.S. 382, 388 (1939)). The

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

FTCA "'waives the sovereign immunity of the United States for actions in tort' and 'vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees.'" *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (*quoting Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)).

However, before an individual may pursue an action against the United States in federal district court, the individual "must seek an administrative resolution of [his] claim." *Jerves*, 966 F.2d at 518. The administrative claim requirement under the FTCA is "jurisdictional by nature and may not be waived." *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1253 (9th Cir. 2006) (*quoting Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977)). Therefore, an individual first must pursue an administrative claim and receive a final denial of that administrative claim before the federal district court has jurisdiction to hear that individual's claim under the FTCA. 28 U.S.C. § 2675(a).

## **DISCUSSION**

In this case, Mr. Wohletz filed a notice of small claims for medical negligence in Spokane County District Court against a physician employee of the United States. ECF No. 1 at 5. According to Rex Cray, Regional Counsel of the U.S. Department of Veterans Affairs, Mr. Wohletz has not filed an administrative claim with the U.S. Department of Veterans Affairs. ECF No. 6-1. Because Mr.

Wohletz did not exhaust his administrative remedies by filing a claim with the U.S. Department of Veterans Affairs before filing a claim in court, Mr. Wohletz has failed to satisfy a necessary step so that he can proceed under the Federal Torts Claim Act.  Therefore, this Court lacks subject matter jurisdiction over his suit at this time.  *McNeil*, 508 U.S. at 113.

## CONCLUSION

Mr. Wohletz's FTCA claim is premature.  He has not yet initiated an administrative claim with the U.S. Department of Veterans Affairs by filing an SF 95 form; nor has he exhausted any such claim.  Accordingly, this Court lacks subject matter jurisdiction to hear Mr. Wohletz's claim.

Accordingly, **IT IS ORDERED THAT:**

1. The United States' Motion to Dismiss (**ECF No. 5**) is **GRANTED**.

2. Mr. Wohletz's FTCA claim against the United States is **DISMISSED without prejudice**.

The District Court Executive is directed to enter this Order, provide copies to Mr. Wohletz and the United States, and close the file.

**DATED** this 27th day of February 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5